IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

CAMERON ALEXANDER,

Defendant.

ORDER

26-mj-110-amb

---

The court held a preliminary hearing in this matter on April 16, 2026, following defendant Cameron Alexander's arrest on a warrant issued by the District of Nebraska for alleged violations of his supervised release. Defendant is alleged to have violated the mandatory condition prohibiting him from committing another federal, state, or local crime by committing 2nd Degree Sexual Assault of a Minor and Sexual Intercourse with a Child by a Stepparent in violation of Wisconsin law. Dkt. 1 at 2. Defendant was represented by Assistant Federal Public Defender Matthew Giesfeldt, and Assistant United States Attorney Kathryn Ginsberg represented the government.

This order memorializes the court's ruling on probable cause, defendant's release, and the government's request to stay its release order pending review of that decision by the United States District Court for the District of Nebraska.

The court first considered the threshold question of whether there was probable cause to believe that defendant committed a crime while on release. Probable cause requires only evidence "sufficient to warrant a prudent person in believing that the suspect has committed an offense." *United States v. Storme*, 83 F.4th 1078, 1082 (7th Cir. 2023) (quoting *United States v. Hammond*, 996 F.3d 374, 391 (7th Cir. 2021)). That standard was met here. Defendant's

stepdaughter G.F. gave a forensic interview during which she reported that defendant had digitally penetrated her vagina on March 19, 2026. This report was corroborated by other evidence, including a school log showing defendant checked G.F. out of school that day, G.F.'s mother's testimony that G.F. and defendant were alone in an upstairs bedroom that afternoon, and reports from G.F.'s friends that G.F. disclosed the encounter or similar encounters to them. Taken as a whole, this record establishes the elements of 2nd Degree Sexual Assault of a Minor, in violation of Wis. Stat. § 948.02(2), and Sexual Intercourse with a Child by a Stepparent, in violation of Wis. Stat. § 948.06(1m).

There was evidence that called aspects of G.F.'s account into question, including testimony from G.F.'s mother about the tight timeline of the day in question, but the court's task today was not to pass judgment on which version of events is true. The task at hand was to measure whether there was sufficiently reliable evidence to find probable cause that defendant committed the alleged crimes and this violated his conditions of supervised release. The court concluded that there was.

The court then turned to the question of detention and found that defendant had proposed a release plan that mitigated any risk of flight or danger to the community. Under Rule 32.1(a)(6), a defendant awaiting a revocation hearing may be "release[d] or detain[ed] . . . under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Defendant has met his burden in this case. The government argued that defendant presents a flight risk and could attempt to intimidate or harass his stepdaughter, among other potential witnesses. But defendant has strong family ties to this district, where he is employed and his children and wife reside. He had successfully

completed terms of supervised released in this district previously and had successfully appeared in the District of Nebraska in the underlaying case. The court did not find much risk of flight, and any small risk can be addressed with conditions. As for danger to the community and possible witness intimidation, defendant does not have any history of sex offenses, violent crimes, or threats. The government focused on danger to G.F., but this can also be addressed with conditions. Specifically, the court ordered defendant to submit to location monitoring, to reside with his mother and her husband in an apartment vetted by Pretrial Services, to not enter Sauk County, where G.F. resides and goes to school, and to not contact G.F. in any manner, among other conditions. Dkt. 15.

Finally, the court denied the government's request to stay its release order pending review by the District of Nebraska. The government's argument in favor of a stay was duplicative of its arguments in favor of detention, which the court had already considered and rejected. Regardless, the request is now moot in light of the District of Nebraska's order granting the government's motion for emergency stay and setting briefing on the government's appeal from this court's release order. *United States of America*, Case No. 21-cr-292-BCB-MDN-1, Dkt. 369 at 2 (D. Neb., April 16, 2026). As stated on the record, the court expects the government to include a copy of the transcript of today's hearing and related materials with its request for review of the court's release order.

*So ordered.*

Entered April 16, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

3